Dean G. Rallis Jr. (#94266)
  mpero@afrct.com
Chanel L. Oldham (#260561)
  coldham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Movant and Creditor
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest,
N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>RICHARD JOHN MULLIN, and GAYLE ANNE HARSMA<br><br>Debtors. | Case No.: 12-33539 DM<br><br>Chapter 13<br><br>[The Honorable Dennis Montali]<br><br>**WELLS FARGO BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN ORDER TO PROSECUTE LITIGATION IN NON-BANKRUPTCY FORUM**<br><br>Date:   May 29, 2014<br>Time:  9:30 a.m.<br>Place:  Courtroom 22<br>         U.S. Bankruptcy Court<br>         235 Pine Street, 22nd Floor<br>         San Francisco, CA 94104 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTORS AND THEIR COUNSEL OF RECORD, AND CHAPTER 13 TRUSTEE:

Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") and its successors and assigns respectfully submits this "Motion for Relief From the Automatic Stay in Order To Prosecute Litigation in Non-Bankruptcy Forum" ("Motion"),

and the concurrently filed Declarations of Matthew Pero and Michele Thomas, the Request for Judicial Notice, and Memorandum of Points and Authorities in support of the Motion. The Motion seeks an order terminating the automatic stay to permit a civil action styled, *Wells Fargo Bank, N.A., v. Richard J. Mullin, et al*, Case No. CIV1202442, pending in the Marin County Superior Court (the "Civil Action") to proceed to final judgment in that Court.

## STATEMENT OF FACTS[1]

On or about November 15, 2006, Richard J. Mullin ("Mullin") and his wife, Gayle Ann Harsma ("Harsma," and with Mullin, the "Debtors") executed and delivered to Wells Fargo's predecessor in interest, World Savings Bank, FSB, an adjustable rate note ("Note") memorializing a $465,000.00 loan made by World Savings Bank, FSB to Debtors. On November 15, 2006, Debtors executed a deed of trust that secured their performance of the Note (the "Deed of Trust"). The Deed of Trust was recorded on November 28, 2006, in the official records of the county recorder of Marin County as Document No. 2006-0073567. World Savings Bank, FSB later changed its name to Wachovia Mortgage, FSB and is now known as Wells Fargo Bank, N.A., a national banking association, successor by merger to Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB.

Debtors failed to make their payments pursuant to the Note and Deed of Trust, so a Notice of Default was recorded in the Official Records for the County of Marin, on July 14, 2010 as Document No. 2010-0033650. The Notice of Default quantified a default amount of $21,652.59 as of July 13, 2010 and listed an initial default date of December 1, 2009.

On or around May 25, 2012, Wells Fargo filed a Complaint in the Civil Action

---

[1] The factual statements made herein are supported by the accompanying and separately filed Declaration of Matthew J. Pero, Declaration of Michele Thomas, and the Request for Judicial Notice.

against Debtors and other identified defendants (collectively referred to herein as the "Civil Action Defendants"). The Complaint alleges that Debtors and the other Civil Action Defendants engaged in a scam which included the recordation of various documents that purported to indicate that Wells Fargo's Notice of Default was rescinded, the Deed of Trust had been modified to reflect that the Note was paid in full, and the Deed of Trust reconveyed as if the underlying obligation had been paid in full. The Complaint identifies five documents that were fraudulently recorded. Each one of the five recorded documents discussed above are false and fraudulent. They were executed by the Civil Action Defendants who did not have the authority on behalf of Wells Fargo to execute such documents, and they contain false information. For instance, at no point has Wells Fargo consented to modify the loan to reflect an indebtedness of "$0.00." Moreover, at no point did Wells Fargo authorize a "Notice of Rescission" or a "Full Reconveyance" to be recorded.

On May 1, 2012, a foreclosure sale was held by Wells Fargo, the beneficiary under the Deed of Trust, as evidenced by the trustee's deed upon sale, recorded on May 8, 2012, as Document No. 2012-0038498 (the "TDUS"). Wells Fargo was the high bidder at said sale and thus became the owner of the Property. Accordingly, the Debtors have no interest in the Property or any liens encumbering it.

The Debtors were served with process in the Civil Action on August 21, 2012. Debtor Harsma appeared in the action and filed her answer on October 18, 2012. Two weeks later, Debtors filed this instant bankruptcy on December 19, 2012.

Continuing with the Civil Action is imperative to Wells Fargo because, unless the above described fraudulent instruments are canceled, they will damage Wells Fargo in that the fraudulent instruments purport to divest Wells Fargo of its right, title and interest in the Property. Moreover, Wells Fargo has been damaged by the slander of title in that Wells Fargo's title to the Property has been clouded and the marketability, saleability and value of the Property has been impaired. Wells Fargo is informed and believes, and on that ground alleges, that Debtors and the Civil Action Defendants all knew that the

recorded documents were fraudulent but despite such knowledge executed and recorded them in a deliberate and conscious attempt to defraud Wells Fargo of its interest in the Property. Due to the above mentioned conduct, relief from the automatic stay is imperative to protect Wells Fargo's rights and interest in the Property.

## GROUNDS FOR RELIEF

Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Wells Fargo relief from stay to proceed with the Civil Action to final judgment in the non-bankruptcy forum for the following reasons:

    a.    The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Civil Action.

    b.    Wells Fargo seeks recovery monetary damages and equitable relief from the Debtors and other Civil Action Defendants. Wells Fargo agrees that the stay will remain in effect as to enforcement of any resulting <u>monetary</u> judgment against the Debtors or estate, except Wells Fargo requests that it be permitted to immediately enforce all equitable remedies (e.g., injunctions, cancellation of recorded instruments, etc.) against the Debtors, the estate and other Civil Action Defendants. Wells Fargo will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    c.    Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Wells Fargo agrees that the stay will remain in effect as to enforcement of any resulting <u>monetary</u> judgment against the Debtors or estate, except Wells Fargo requests that it be permitted to immediately enforce all equitable remedies (e.g., injunctions, cancellation of recorded instruments, etc.) against the Debtors, the estate and other Civil Action Defendants. Wells Fargo will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d.    The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.

e. The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

f. Other reasons to allow the Civil Action to proceed are set forth in an accompanying declarations.

Litigation in a non-bankruptcy forum may constitute "cause" for relief from the automatic stay under 11 U.S.C. § 362(d)(1). *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990); *Piombo Corp. v. Castlerock Prop.* (*In re: Castlerock Prop.*), 781 F.2d 159, 163 (9th Cir. 1986); *In re Plumberex Specialty Products, Inc.*, 311 B. R. 551, 559 (Bankr. C. D. Cal. 2004); *see also, In re A Partners, LLC*, 344 B.R. 144, 127 (Bankr. E.D. Cal. 2006).

In this case, there is a clear need for relief from the automatic stay to proceed with the pending Civil Action. Here, the Civil Action involves multiple parties. Specifically, there are multiple named defendants in the Civil Action who were all involved with the recordation of the fraudulent documents, and who are not subject to the Court's jurisdiction.

Judicial economy favors proceeding in the state court to determine the validity of the recorded documents. The issues, principally the validity of the recorded documents, require the determination of interests in real property, which are governed solely by state law. The Civil Action involves defendants other that the Debtors, over whom this Court has no jurisdiction. There are essentially no bankruptcy related issues to be determined, as the Debtors no longer have any interest in the Property (either by way of the foreclosure sale, or by way of the alleged sale of the Property to Easterly). Proceeding with the Civil Action in the Superior Court will not prejudice the estate in any way but will prejudice the parties in the Civil Action who are not able to proceed with the prosecution and defense of the action due to the automatic stay. Accordingly, sufficient "cause" exists to modify the automatic stay to permit the Civil Action to proceed to final judgment in the Superior Court.

This Motion is supported by the concurrently filed Notice of Motion, Declaration

of Matthew J. Pero, Declaration of Michele Thomas, the Request for Judicial Notice, the Memorandum of Points and Authorities in Support, and the Relief From Stay Cover Sheet.

## PRAYER

**WHEREFORE**, Wells Fargo prays that this Court issue an order granting the following:

1. Relief from the stay to Wells Fargo (and its successors and assigns, if any) including terminating the stay as to Debtors and Debtors' bankruptcy estate;

2. Allowing Wells Fargo to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the Civil Action in the non-bankruptcy forum (Marin County Superior Court), and further permitting Wells Fargo to enforce any and all equitable remedies including, without limitation, injunctive relief, cancellation of instruments, among other equitable relief, provided however, that Wells Fargo shall not enforce any <u>monetary</u> judgment against the Debtors or the estate except that Wells Fargo shall be entitled to file a proof of claim and/or initiate a non-dischargeability action against the Debtors and the estate;

3. That the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

///
///
///
///
///
///
///
///
///

4. That the 14-day stay prescribed by FRBP 4001(a)(3) be waived; and

5. For such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 6, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: /s/ Dean G. Rallis Jr.
Dean G. Rallis Jr.
drallis@afrct.com
Attorneys for Movant and Creditor
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB