Dean G. Rallis Jr. (#94266)
  drallis@afrct.com
Chanel L. Oldham (#260561)
  coldham@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Movant and Creditor
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank southwest, N.A.,
f/k/a Wachovia Mortgage, FSB, f/k/a World
Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>RICHARD JOHN MULLIN, and GAYLE ANNE HARSMA<br><br>    Debtors. | Case No.: 12-33539 DM<br><br>Chapter 13<br><br>[The Honorable Dennis Montali]<br><br>**WELLS FARGO BANK'S NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN ORDER TO PROSECUTE LITIGATION IN NON-BANKRUPTCY FORUM**<br><br>Date:  May 29, 2014<br>Time:  9:30 a.m.<br>Place: Courtroom 22<br>         U.S. Bankruptcy Court<br>         235 Pine Street, 22nd Floor<br>         San Francisco, CA 94104 |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTORS AND THEIR COUNSEL OF RECORD, AND CHAPTER 13 TRUSTEE:**

   **PLEASE TAKE NOTICE** that Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") and its successors and assigns hereby has filed "Wells

Fargo Bank's Motion For Relief From The Automatic Stay In Order To Prosecute Litigation In Non-Bankruptcy Forum" ("Motion"), moving this Court for relief from the automatic pursuant to 11 U.S.C. § 362(d)(1) in order to prosecute certain pre-petition litigation in a non-bankruptcy forum.

**PLEASE TAKE FURTHER NOTICE** that a preliminary hearing on the Motion has been scheduled for May 29, 2014, at 9:30 a.m., in Courtroom 22 located at the United States Bankruptcy Court, 235 Pine Street, 22nd Floor, San Francisco, California, before the Honorable Dennis Montali, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4001-1(f) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, a respondent may file an opposition to the Motion prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that the Motion seeks an order terminating the automatic stay to permit the civil action captioned *Wells Fargo Bank, N.A., v. Richard J. Mullin, et al.*, pending in the Marin County Superior Court as case no. CIV1202442 (the "Civil Action") to proceed to final judgment in that court, including any appeals. The Civil Action relates to the real property commonly referred to as 369 Peachstone Terrace, San Rafael, California 94903-1325 (the "Property"). The Complaint in the Civil Action (the "Complaint") was filed on May 25, 2012 (pre-petition).

**PLEASE TAKE FURTHER NOTICE** that the Civil Action seeks equitable relief and damages, including without limitation monetary damages, arising out of numerous fraudulent and unauthorized transfers and reconveyances of the deed of trust in favor of Wells Fargo encumbering the Property (the "Deed of Trust").

**PLEASE TAKE FURTHER NOTICE** that the Complaint filed in the Civil Action alleges that Debtors and the other defendants identified in the Civil Action engaged in a scam which included the recordation of various documents that purported to indicate that Wells Fargo's notice of default was rescinded, the Deed of Trust had been modified to reflect that the promissory note was paid in full, and the Deed of Trust was reconveyed as if the underlying obligation had been paid in full.

**PLEASE TAKE FURTHER NOTICE** that continuing with the Civil Action is imperative to Wells Fargo because, unless the above described fraudulent instruments are canceled, they will damage Wells Fargo in that the fraudulent instruments purport to divest Wells Fargo of its right, title and interest in the Property. Moreover, Wells Fargo has been damaged by the slander of title in that Wells Fargo's title to the Property has been clouded and the marketability, saleability and value of the Property has been impaired. Wells Fargo is informed and believes, and on that ground alleges, that Debtors and the other Civil Action defendants all knew that the recorded documents were fraudulent but despite such knowledge executed and recorded them in a deliberate and conscious attempt to defraud Wells Fargo of its interest in the Property. Due to the above-mentioned conduct, relief from the automatic stay is imperative to protect Wells Fargo's rights and interest in the Property.

**PLEASE TAKE FURTHER NOTICE** that cause exists to grant the relief requested herein under 11 U.S.C. § 362(d)(1) as follows:

(i) the bankruptcy case was filed in bad faith, specifically to delay, hinder or interfere with prosecution of the Civil Action,

(ii) Wells Fargo seeks recovery from the Debtors and third parties and agrees that the stay will remain in effect as to enforcement of any resulting *monetary* judgment against the Debtors or estate, except that Wells Fargo will retain the right to immediately enforce any non-monetary judgment (e.g., equitable relief) against the Debtors and the estate, and file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. §§ 1328 and 523 in this bankruptcy case,

(iii) mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Wells Fargo agrees that the stay will remain in effect as to enforcement of any resulting *monetary* judgment against the Debtors or estate, except that Wells Fargo will retain the right to immediately enforce any non-monetary judgment (e.g., equitable relief) against the Debtors and the estate, and file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. §§ 1328 and 523 in this bankruptcy case,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

(iv) the claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum, and

(v) the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

Therefore, Wells Fargo seeks an Order terminating the automatic stay to permit the Civil Action to proceed in the Superior Court and to proceed to final judgment, including any appeals. Wells Fargo also seeks an order waiving the 14-day stay as provided by Bankruptcy Rule 4001(a)(3).

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on these moving papers, as well as the concurrently filed Declarations, Request for Judicial Notice, Memorandum of Points and Authorities, and the Relief From Stay Information Sheet, filed separately and concurrently with the Motion.

In the event the Debtors, Debtors' counsel, or the Chapter 13 Trustee, fail to oppose the Motion or appears at the hearing, the Court may grant relief from the automatic stay permitting Wells Fargo to proceed with the Civil Action in the Marin Superior Court, without further notice or hearing.

**WHEREFORE**, Wells Fargo prays for:

1. An Order terminating the automatic stay to permit Wells Fargo to proceed to final judgment in the Civil Action, pending in the Marin County Superior Court, including any and all appeals that may follow;

///
///
///
///
///
///
///
///

2. An Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3); and

3. Such other relief as this Court deems appropriate.

Respectfully submitted,

Dated: May 6, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Dean G. Rallis Jr.
Dean G. Rallis Jr.
drallis@afrct.com
Attorneys for Movant and Creditor
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")